# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARSHALL MCCLAIN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AR RESOURCES, INC.,

Defendant.

Civil Action No.
2:25-cv-01189-NIQA

### DEFENDANT, AR RESOURCES, INC.'S, RESPONSES TO PLAINTIFF'S INTERROGATORIES

Defendant, AR Resources, Inc. ("ARR"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby objects and responds to the First Set of Discovery served by Plaintiff, Marshall McClain ("Plaintiff"), as follows:

1. Identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and (443) ■■■■.

   **RESPONSE**: AR Resources, Inc. ("ARR") placed two calls to the telephone number (443) ■■■■. One call on October 7, 2024 and one call on February 10, 2025.

2. Identify the hardware and software Defendant used in connection with its communication, or attempted communications, with Plaintiff, or with (443) 4■■■.

   **RESPONSE**: ARR objects to this Interrogatory as seeking confidential and proprietary documents and information irrelevant to the allegations in the complaint and disproportionate to the needs of the case. Notwithstanding these objections, the October 7, 2024 telephone call was placed on behalf of ARR by its vendor TCN. The February 10, 2025 telephone call was placed by an employee of ARR.

3. Identify each call Defendant made, or caused to be made, to Plaintiff, or to (443) ■■■■, in connection with which it used an artificial or prerecorded voice.

   **RESPONSE**: ARR objects to this contention Interrogatory as premature. ARR will reconsider its response to this contention Interrogatory after sufficient discovery has transpired.

1

4. Identify the system or software Defendant used to document or otherwise memorialize details of communications, or attempted communications, between Defendant and Plaintiff, or between Defendant and (443) ██████ – including the date, time, substance or, and disposition of, the communications or attempted communications.

   **RESPONSE**: ARR objects to this Interrogatory as overbroad and seeking confidential and proprietary documents and information irrelevant to the allegations in the complaint and disproportionate to the needs of the case. Notwithstanding these objections, ARR uses CRM Platinum as its software.

5. Identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to (443) ██████, and the intended recipient(s) of Defendant's calls.

   **RESPONSE**: ARR objects to this Interrogatory as seeking confidential information and as calling for a legal conclusion. Notwithstanding the foregoing, ARR placed calls to the phone number (443) ██████ on behalf of a client.

6. Explain how, when, why, and from where Defendant came into possession of telephone number (443) ██████.

   **RESPONSE**: ARR objects to this Interrogatory as seeking confidential information. Notwithstanding the foregoing, the phone number (443) ██████ was provided to ARR by a client.

7. Identify any business relationship, financial arrangement, or account(s) Defendant has, or had, with Plaintiff.

   **RESPONSE**: None identified at this time. Investigation is ongoing.

8. Identify the number of unique telephone numbers to which Defendant made, or caused to be made a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice.

   **RESPONSE**: ARR objects to this Interrogatory as overbroad, unduly burdensome, not limited by time period or scope. This Interrogatory is compound and contains subparts making it vague and ambiguous as to what specific information is being sought. ARR further objects to this Request as premature and seeking personal and confidential information relating to third parties prior to class certification and seeking personal information relating to third parties that would not fall within the alleged class.

9. For telephone numbers Defendant identifies through its answers to interrogatory no. 8, identify the number of them for which Defendant's records show that a called

2

party was not the person Defendant intended to reach by placing a call to one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a person associated with one of the telephone numbers asked Defendant to stop calling, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

**RESPONSE**: ARR objects to this Interrogatory as overbroad and unduly burdensome. This Request is compound and contains subparts making it vague and ambiguous as to what specific documentation is being sought. ARR further objects to this Request to the extent it seeks information that is not within its possession, custody, or control, and as premature and seeking personal and confidential information relating to third parties prior to class certification. ARR further objects to this Interrogatory as it calls for information regarding persons who requested Defendant "stop calling," as such persons are not included in the putative class as defined. Notwithstanding the foregoing objections, ARR states that it does not track in the ordinary course of business the datapoints necessary for it to readily identify the information requested within the specified criteria. Specifically, ARR does not have a report and as of the date of these responses has been unable to identify a reasonable method to trace telephone numbers that were called where it was determined the party called was not the intended recipient of the telephone call. Discovery, investigation, and research is ongoing to determine reasonable methods to identify the data requested. At this time, after a reasonable inquiry, ARR has no responsive information to provide.

10. For the telephone numbers Defendant identifies through its answer to interrogatory nos. 8-9, identify the number of them to which Defendant made or cause to be made, a call or calls in connection with which it used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

    **RESPONSE**: See ARR's objections and response to Interrogatory No. 9.

11. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, identify the number of them that were, or that Defendant's records indicate were, assigned to a cellular phone service.

    **RESPONSE**: See ARR's objections and response to Interrogatory No. 9.

3

12. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice.

    **RESPONSE**:  See ARR's objections and response to Interrogatory No. 9.

13. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

    **RESPONSE**: See ARR's objections and response to Interrogatory No. 9.

14. Identify the number of persons or unique telephone numbers who or that fall within the class definition found in Plaintiff's class action complaint.

    **RESPONSE**: See ARR's objections and response to Interrogatory No. 9.  ARR further objects to this Interrogatory as calling for a legal conclusion.

15. For the persons who fall within the class definition found in Plaintiff's class action complaint, identify those who Defendant believes consented to receiving calls from Defendant in connection with which it used an artificial or prerecorded voice.

    **RESPONSE**: ARR objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is not within its possession, custody, or control.  ARR further objects to this Request as premature and seeking personal and confidential information relating to third parties prior to class certification.  Notwithstanding the foregoing objections, ARR states that it does not track in the ordinary course of business the datapoints necessary for it to readily identify the information requested within the specified criteria.  Accordingly, after a reasonable inquiry, ARR has no responsive information to provide.

16. Describe Defendant's efforts to verify or confirm that telephone number (443) ▮▮▮-▮▮▮▮ was assigned to the intended recipient of Defendant's calls.

    **RESPONSE**: ARR objects to this Interrogatory as vague in that "efforts is not defined" and seeking confidential and proprietary documents and information irrelevant to the allegations in the complaint and disproportionate to the needs of the case.

4

17. Describe Defendant's efforts to verify or confirm that telephone number (443) ▇▇▇-▇▇▇▇ was a cellular telephone number.

    **RESPONSE**: The phone number (443) ▇▇▇-▇▇▇▇ was provided to ARR by a client.

18. Identify any entity or entities Defendant retained, engaged, or employed to place calls or deliver artificial or prerecorded voice messages, including to telephone number (443) ▇▇▇-▇▇▇▇.

    **RESPONSE**: ARR objects to this contention Interrogatory as premature. ARR will reconsider its response to this contention Interrogatory after sufficient discovery has transpired.

19. Identify all telephone numbers from which Defendant placed or caused to be placed an outgoing call in connection with which Defendant used an artificial or prerecorded voice.

    **RESPONSE**: ARR objections to this request has overbroad and not limited in time or scope. ARR further objects to this contention Interrogatory as premature. ARR will reconsider its response to this contention Interrogatory after sufficient discovery has transpired. Subject to the foregoing, ARR has used the following telephone numbers to place outgoing calls since March 2021:

    (866) 221-4388
    (866) 301-0222
    (866) 378-0792
    (866) 378-0797
    (866) 843-8862

20. For each affirmative defense Defendant asserts, state the factual and legal basis and identify all evidence on which Defendant relies in asserting it.

    **RESPONSE**: ARR objects to this Interrogatory as premature as investigation and discovery are ongoing. Notwithstanding the foregoing objection, the affirmative defenses identified by ARR are intended to place plaintiff on fair notice of the defenses and preserve ARR's right to rely on the same to the extent the defenses can be established. Further responding, see responses herein and documents produced herewith. As discovery and investigations progress, ARR will supplement its response when and to the extent required by the Federal Rules of Civil Procedure and the Court's applicable scheduling order.

21. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**RESPONSE**: ARR retained a vendor, TCN, to place at least one call to telephone number (443) ███████.

22. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

    **RESPONSE**: ARR objects to this Interrogatory as overbroad and seeking confidential information irrelevant to the allegations, disproportionate to the needs of the case, and as seeking documents and information protected from disclosure pursuant to attorney-client, attorney work-product, common interest, or other applicable privilege(s).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHALL MCCLAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AR RESOURCES, INC.,<br><br>Defendant. | Civil Action No.<br>2:25-cv-01189-NIQA |

**DEFENDANT, AR RESOURCES, INC.'S,
RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

Defendant, AR Resources, Inc. ("ARR"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby serves its Responses to Plaintiff's First Requests for Production of Documents. ARR objects to the instructions and definitions set forth in Plaintiff's First Demand for Production of Documents to the extent they are overbroad and request irrelevant and privileged information and documents. Subject to the foregoing, ARR responds as follows:

1. Documents and electronically stored information referred to or consulted in the preparation of Defendant's answers and responses to Plaintiff's discovery requests.

    **RESPONSE**: See ARR's objections and response to Plaintiff's First Set of Interrogatories. Notwithstanding the foregoing, see items produced.

2. Account records for the account(s) Defendant associates with Plaintiff, or with (443) ███-████.

    **RESPONSE**: ARR objects to this Request as seeking documents irrelevant to plaintiff's claims and disproportional to the needs of the case. ARR further objects to this Request to the extent it seeks private and confidential documents of third parties protected from disclosure, or documents that are protected by the attorney-client or other applicable privilege(s). Notwithstanding the foregoing, ARR will produce copies of account records associated with telephone number (443) ███-████ upon the entry of a mutually acceptable confidentiality agreement or agreed protective order.

1

3. Documents and electronically stored information sufficient to identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and (443) ███████.

   **RESPONSE**: See objections and response to Request Number 2.

4. Documents and electronically stored information sufficient to identify the hardware and software Defendant used in connection with its communication, or attempted communications, with Plaintiff, or with (443) ███████.

   **RESPONSE**: ARR objects to this Request as seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, disproportional to the needs of the case, and as seeking documents protected from disclosure pursuant to attorney-client, attorney work-product, common interest, or other applicable privilege(s). Notwithstanding the foregoing, ARR will produce copies of records associated with telephone number (443) ███████ upon the entry of a mutually acceptable confidentiality agreement or agreed protective order.

5. Documents and electronically stored information sufficient to identify each call Defendant made, or caused to be made, to Plaintiff, or to (443) ███████, in connection with which it used, or caused to be used, an artificial or prerecorded voice.

   **RESPONSE**: See objections and response to Request Number 2.

6. Documents and electronically stored information sufficient to identify the unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice.

   **RESPONSE**: ARR objects to this Request as overbroad, unduly burdensome, not specifically limited in time or scope, and seeking personal information regarding third parties that would not be a part of the class alleged. ARR further objects to this Request as premature and seeking personal and confidential information relating to third parties prior to class certification.

7. For telephone numbers Defendant identified through its answer to interrogatory no. 8, and through its response to request for production no. 6, documents and electronically stored information sufficient to identify those for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a person associated with one of the telephone numbers

asked Defendant to stop calling, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

**RESPONSE**: ARR objects to this Request as overbroad and unduly burdensome. This Request is compound and contains subparts making it vague and ambiguous as to what specific documentation is being sought. ARR further objects to this Request to the extent it seeks documentation that is not within its possession, custody, or control, and as premature and seeking personal and confidential information relating to third parties prior to class certification. ARR further objects to this request as it calls for documentation regarding persons who requested Defendant "stop calling," as such persons are not included in the putative class as defined. Notwithstanding the foregoing objections, ARR states that it does not track in the ordinary course of business the datapoints necessary for it to readily identify the information requested within the specified criteria. Specifically, ARR does not have a report and as of the date of these responses has been unable to identify a reasonable method to trace telephone numbers that were called where it was determined the party called was not the intended recipient of the telephone call. Discovery, investigation, and research is ongoing to determine reasonable methods to identify the data requested. At this time, after a reasonable inquiry, ARR has no responsive information to provide.

8. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-9, and through its responses to request for production nos. 6-7, documents and electronically stored information sufficient to identify those to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the calls party requested that Defendant stop calling.

   **RESPONSE**: See objections and response to Request Number 7.

9. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, and through its responses to requests for production nos. 6-8, documents and electronically stored information sufficient to identity those that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

   **RESPONSE**: See objections and response to Request Number 7.

10. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, and through its responses to request for production nos. 6-9, documents

3

and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

**RESPONSE**:  See objections and response to Request Number 7.

11. For the telephone numbers Defendant identifies through its answer to interrogatory nos. 8-11, and through its responses to request for production nos. 6-9, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

    **RESPONSE**: See objections and response to Request Number 7.

12. Documents and electronically store information sufficient to identify the persons or unique telephone numbers that fall within the class definition found at paragraph 37 of Plaintiff's class action complaint.

    **RESPONSE**: See objections and response to Request Number 7.  ARR further objects to this Request as calling for a legal conclusion.

13. For the telephone numbers Defendant identifies through its answer to interrogatory no. 14, and through its response to request for production no. 12, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice.

    **RESPONSE**: See objections and response to Request Numbers 6 and 7. ARR further objects to this Request as calling for a legal conclusion.

14. For the telephone numbers Defendant identifies through its answer to interrogatory no. 14, and through its response to request for production no. 12, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or

4

third party identified one of the telephone numbers as a wrong or potentially wrong number, or the called party requested that Defendant stop calling.

**RESPONSE**: See objections and response to Request Number 7.  ARR further objects to this Request as calling for a legal conclusion.

15. For the persons who fall within the class definition found at paragraph 37 or Plaintiff's class action complaint, documents and electronically stored information sufficient to identify those who Defendant believes consented to receiving calls from Defendant in connection with which it used an artificial or prerecorded voice.

    **RESPONSE**: See objections and response to Request Number 7.  ARR further objects to this Request as calling for a legal conclusion.

16. Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes a person's indication that Defendant contacted the wrong person or wrong telephone number, or requested that Defendant stop calling.

    **RESPONSE**: ARR objects to this Request as overbroad and unduly burdensome. ARR further objects to this Request to the extent it seeks documentation that is not within its possession, custody, or control, and as premature and seeking personal and confidential information relating to third parties prior to class certification. ARR further objects to this request as it calls for documentation regarding persons who requested Defendant "stop calling," as such persons are not included in the putative class as defined.  Notwithstanding the foregoing objections, ARR states that it does not track in the ordinary course of business the datapoints necessary for it to readily identify the information requested within the specified criteria. Specifically, ARR does not have a report and as of the date of these responses has been unable to identify a reasonable method to trace telephone numbers that were called using an artificial or prerecorded voice where it was determined the party called was not the intended recipient of the telephone call.  Discovery, investigation, and research is ongoing to determine reasonable methods to identify the data requested.  At this time, after a reasonable inquiry, ARR has no responsive information to provide.

17. Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes that Defendant made, or caused to be made, a call to a reassigned telephone number, intending to reach a prior owner of, user of, or subscriber to, the telephone number.

    **RESPONSE**: See objections and response to Request Number 16.  ARR further objects to this Request as calling for a legal conclusion.

18. Documents and electronically stored information that reference the manner by which Defendant determines whether a telephone number to which it makes a call, or causes to be made a call, is assigned to a cellular telephone service.

    **RESPONSE**: ARR objects to this Request on the grounds that it is not a proper request for production as it seeks narrative information or an explanation rather than the production of documents. The Request is more in the nature of an interrogatory and is therefore improper in this context.

19. Documents and electronically stored information that reference the manner by which Defendant determines whether a telephone number to which it makes a call, or causes to be made a call, is associated with the individual Defendant intends to reach at the telephone number called.

    **RESPONSE**: ARR objects to this Request on the grounds that it is not a proper request for production as it seeks narrative information or an explanation rather than the production of documents. The Request is more in the nature of an interrogatory and is therefore improper in this context.

20. Documents and electronically stored information sufficient to identify the reason(s) Defendant placed, or cause to be placed, calls to Plaintiff, or to (443) ▮▮▮▮▮▮▮ and the intended recipient(s) of Defendant's calls.

    **RESPONSE**: ARR objects to this Request as seeking documents irrelevant to plaintiff's claims and disproportional to the needs of the case. ARR further objects to this Request to the extent it seeks private and confidential documents of third parties protected from disclosure, or documents that are protected by the attorney-client or other applicable privilege(s). Notwithstanding the foregoing, ARR will produce copies of account records associated with telephone number (443) ▮▮▮▮▮▮▮ upon the entry of a mutually acceptable confidentiality agreement or agreed protective order.

21. There is no Request for Production listed for Request No. 21, as such, ARR is unable to provide a response.

22. There is no Request for Production listed for Request No. 22, as such, ARR is unable to provide a response.

23. Documents and electronically stored information sufficient to identify any business relationship, financial arrangement, health plan or account(s) Defendant has, or had, with Plaintiff.

    **RESPONSE**: None identified at this time. Investigation is ongoing.

24. Policies, practices, and procedures that Defendant used or used to avoid violations of the Telephone Consumer Protection Act ("TCPA"), and documents and electronically stored information sufficient to identify any training Defendant provides to its employees regarding calls in connection with which it uses, or causes to be used, as artificial or prerecorded voice.

    **RESPONSE**: ARR objects to this Request as overbroad and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, disproportional to the needs of the case, and as seeking documents protected from disclosure pursuant to attorney-client, attorney work-product, or other applicable privilege(s).

25. Audits, reports, and reviews regarding Defendant's use of an artificial or prerecorded voice, as it pertains to calls to wrong or reassigned, or allegedly wrong or reassigned, cellular telephone numbers.

    **RESPONSE**: ARR objects to this Request as vague, overbroad and unduly burdensome.  "Audits, reports, and reviews" have not been defined.  ARR further objects to this Request to the extent it seeks information that is not within its possession, custody, or control.  ARR further objects to this Request as premature and seeking personal and confidential information relating to third parties prior to class certification.

26. Documents and electronically stored information sufficient to identify any vendors or other third parties who made calls on behalf of Defendant, in connection with which they used an artificial or prerecorded voice, and any contracts or other agreements between Defendant and any such vendor or third parties.

    **RESPONSE**: ARR objects to this Request as overbroad and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, disproportional to the needs of the case, and as seeking documents protected from disclosure pursuant to attorney-client, attorney work-product, or other applicable privilege(s).

27. Documents and electronically stored information sufficient to identify Defendant's document and electronically stored information retention and destruction policies and procedures, as well as any changes in those policies or procedures, as they relate to documentation of calls Defendant made, or caused to be made, in connection with which Defendant used, or cause to be used, an artificial or prerecorded voice.

    **RESPONSE**: ARR objects to this Request as overbroad and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, disproportional to the needs of the case, and as seeking documents

7

protected from disclosure pursuant to attorney-client, attorney work-product, or other applicable privilege(s).

28. Documents and electronically stored information referencing complaints under the TCPA from persons about calls Defendant made, or caused to be made, to wrong or reassigned, or allegedly wrong or reassigned, telephone numbers.

    **RESPONSE**: ARR objects to this Request as overbroad and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, disproportional to the needs of the case, and as seeking documents protected from disclosure pursuant to attorney-client, attorney work-product, or other applicable privilege(s).

29. Copies of any artificial or prerecorded voice messages or scripts used by Defendant, or its vendors or agents, in connection with calls it made, or causes to be made, to Plaintiff, to (443) ███████, or to any telephone number referenced by these discovery requests.

    **RESPONSE**: See transcript of the message.

30. Documents and electronically stored information sufficient to identify any vendors or other third parties that Defendant used to determine whether telephone numbers to which it places, or causes to be placed, calls, are assigned to a cellular telephone service, or determine whether telephone numbers to which it places, or causes to be placed, calls are assigned to Defendant's customers or accountholders.

    **RESPONSE**: ARR objects to this Request as overbroad and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, disproportional to the needs of the case, and as seeking documents protected from disclosure pursuant to attorney-client, attorney work-product, or other applicable privilege(s).

31. Documents and electronically stored information Defendant contends support the factual and legal bases for its affirmative defenses.

    **RESPONSE**: ARR objects to this Request as premature as investigation and discovery are ongoing. Notwithstanding the foregoing objection, the affirmative defenses identified by ARR are intended to place plaintiff on fair notice of the defenses and preserve ARR's right to rely on the same to the extent the defenses can be established. Subject to and without waiving the foregoing objection, see documents produced herewith. ARR reserves the right to supplement its response to this Request as discovery progresses and in accordance with the Federal Rules of Civil Procedure and any scheduling orders entered by the Court.

8

32. Documents and electronically stored information Defendant contends are evidence of express consent it has, or has, to place calls to Plaintiff, or to (443) ▓▓▓▓▓▓, in connection with which it used an artificial or prerecorded voice.

    **RESPONSE**: ARR objects to this Request as seeking documents irrelevant to plaintiff's claims and disproportional to the needs of the case. ARR further objects to this Request to the extent it seeks private and confidential documents of third parties protected from disclosure, or documents that are protected by the attorney-client or other applicable privilege(s).

33. For the telephone numbers referenced and requested by interrogatory nos. 8-11 and request for production nos. 6-9, and the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11 and through its responses to request for production nos. 6-9, documents and electronically stored information Defendants contends are evidence of express consent it has, or has, to place calls in connection with which it used an artificial or prerecorded voice, to those telephone numbers.

    **RESPONSE**: ARR objects to this Request as overbroad and unduly burdensome. This Request is compound and contains subparts making it vague and ambiguous as to what specific documentation is being sought. ARR further objects to this Request to the extent it seeks documentation that is not within its possession, custody, or control, and as premature and seeking personal and confidential information relating to third parties prior to class certification. Notwithstanding the foregoing objections, ARR states that it does not track in the ordinary course of business the datapoints necessary for it to readily identify the information requested within the specified criteria. Specifically, ARR does not have a report and as of the date of these responses has been unable to identify a reasonable method to trace telephone numbers that were called using an artificial or prerecorded voice where it was determined the party called was not the intended recipient of the telephone call. Discovery, investigation, and research is ongoing to determine reasonable methods to identify the data requested.

34. For the persons or telephone numbers that fall within the class definition found at paragraph 37 of Plaintiff's class action complaint, documents and electronically stored information Defendant contends are evidence of express consent it has, or has, to place calls in connection with which it used an artificial or prerecorded voice, to those telephone numbers or persons.

    **RESPONSE**: ARR objects to this Request as overbroad and unduly burdensome. This Request is compound and contains subparts making it vague and ambiguous as to what specific documentation is being sought. ARR further objects to this Request to the extent it seeks documentation that is not within its possession, custody, or

control, and as premature and seeking personal and confidential information relating to third parties prior to class certification. Notwithstanding the foregoing objections, ARR states that it does not track in the ordinary course of business the datapoints necessary for it to readily identify the information requested within the specified criteria. Specifically, ARR does not have a report and as of the date of these responses has been unable to identify a reasonable method to trace telephone numbers that were called using an artificial or prerecorded voice where it was determined the party called was not the intended recipient of the telephone call. Discovery, investigation, and research is ongoing to determine reasonable methods to identify the data requested.

35. Documents and electronically stored information sufficient to identify Defendants' use of the Federal Communications Commission's Reassigned Numbers Database, including the results of any searches or scrubs Defendant performed on any telephone numbers referenced by these discovery requests.

    **RESPONSE**: ARR objects to this Request as overbroad, unduly burdensome, and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, and disproportional to the needs of the case. ARR further objects to this Request as premature and seeking personal and confidential information relating to third parties prior to class certification.

36. Results of any scrubs or other analysis performed on telephone number (443) ▇▇▇ by a vendor or other third party, including the Federal Communications Commissions' Reassigned Numbers Database.

    **RESPONSE**: ARR objects to this Request as overbroad, unduly burdensome, and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, and disproportional to the needs of the case. ARR further objects to this Request as premature and seeking personal and confidential information relating to third parties prior to class certification.

37. Account records for the account(s) Defendant associates with Jamie Draughty or any other person Defendant intended to reach as a result of its telephone calls to (443) ▇▇▇.

    **RESPONSE**: ARR objects to this Request as seeking documents irrelevant to plaintiff's claims and disproportional to the needs of the case. ARR further objects to this Request to the extent it seeks private and confidential documents of third parties protected from disclosure, or documents that are protected by the attorney-client or other applicable privilege(s). Notwithstanding the foregoing, ARR will produce copies of account records associated with telephone number (443) ▇▇▇ upon the entry of a mutually acceptable confidentiality agreement or agreed protective order.

38. Recordings of any conversations between Defendant and Plaintiff, or between any vendor Defendant uses and Plaintiff, or between Defendant and any person answering, using, or calling from telephone number (443) ▮▮▮▮▮▮▮, or between any vendor Defendant uses and any person answering, using, or calling from telephone number (443) ▮▮▮▮▮▮▮.

    **RESPONSE**: See produced.

39. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff's, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

    **RESPONSE**: ARR objects to this Request as overbroad and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, disproportional to the needs of the case, and seeking documents protected from disclosure pursuant to attorney-client, attorney work-product, or other applicable privilege(s). Notwithstanding the foregoing objections, ARR will produce a copy of its insurance policy through Great American Insurance Group upon the entry of a mutually acceptable confidentiality agreement or agreed protective order.

40. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

    **RESPONSE**: ARR objects to this Request as overbroad and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, disproportional to the needs of the case, and seeking documents protected from disclosure pursuant to attorney-client, attorney work-product, or other applicable privilege(s). Notwithstanding the foregoing objections, ARR will produce a copy of its insurance policy through Great American Insurance Group upon the entry of a mutually acceptable confidentiality agreement or agreed protective order.  Further investigation is ongoing.

41. Please produce all documents containing any of the following information for each pre-recorded call sent by you or your vendors during the putative class period:

    a. The date and time;
    b. Any process for using the reassigned number database before contacting that number;
    c. The result of the text; and

11

12

      d. Any other information stored by the call detail records.

**RESPONSE**: ARR objects to this Request as calling for legal conclusions, overbroad, unduly burdensome, and seeking confidential and proprietary documents and information irrelevant to the claims asserted by plaintiff, disproportional to the needs of the case, and as seeking documents protected from disclosure pursuant to attorney-client, attorney work-product, or other applicable privilege(s). ARR further objects to this Request as premature and seeking personal and confidential information relating to third parties prior to class certification.